IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2009

## MICHAEL V. MORRIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hickman County**
**No. 08-5052C     Robbie T. Beal, Judge**

_____

**No. M2008-02113-CCA-R3-HC - Filed May 25, 2010**

_____

The Petitioner, Michael V. Morris, was convicted by a Davidson County Criminal Court jury of aggravated robbery, a Class B felony. He was sentenced as a Range III, career offender to thirty years at sixty percent in the Tennessee Department of Correction. He filed a pro se petition for habeas corpus relief in the Hickman County Circuit Court, which was summarily dismissed. On appeal, the Petitioner argues that his judgment is void because it violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); because, alternatively, the trial court improperly sentenced him under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions; and because the trial court erred in classifying him as a career offender. Upon review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Michael V. Morris, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, and Deshea Dulany Faughn, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Background.** Following the Petitioner's conviction for aggravated robbery on July 11, 2006, he filed an appeal as of right, contending that the evidence was insufficient to sustain his conviction for aggravated robbery and that the statements he gave while in police custody should be suppressed because they were involuntary. See State v. Michael V. Morris, No. M2006-02738-CCA-R3-CD, 2008 WL 544567, at *1 (Tenn. Crim. App., at

Nashville, Feb. 25, 2008), perm. to appeal denied (Tenn. Aug. 25, 2008), reh'g denied (Tenn. Sept. 22, 2008). This court affirmed the trial court's judgments on direct appeal. Id.

On March 13, 2008, the Petitioner filed a pro se petition for habeas corpus relief. See Michael V. Morris v. James Fortner, Warden, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1 (Tenn. Crim. App., at Nashville, Feb. 26, 2009), reh'g denied (Tenn. Crim. App. Apr. 16, 2009). In the petition for writ of habeas corpus, the Petitioner alleged that the trial court used prior convictions that were not "proven to be true beyond a reasonable doubt" to improperly sentence him in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny, and that the trial court improperly classified him as a career offender. In addition, the Petitioner argued on appeal, but not in his petition for habeas corpus relief, that the trial court violated ex post facto prohibitions by sentencing him pursuant to the 2005 amended sentencing act without a waiver. The habeas corpus court summarily dismissed the petition, and this court affirmed the dismissal on appeal. Id.

Subsequently, on July 9, 2008, the Petitioner filed a second pro se petition for habeas corpus relief, which is the subject of this appeal. In his petition the Petitioner argues that his judgment for aggravated robbery is void because it violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), since the trial court used prior convictions "that had never been authenticated for number and type." He also contends, alternatively, that the trial court erred in sentencing him under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions. Finally, the Petitioner argues that the trial court erred in sentencing him as a career offender. On appeal, the Petitioner's argument primarily focuses on the trial court's violation of the ex post facto prohibitions and its erroneous classification of him as a career offender, although the Petitioner does mention Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), in passing when discussing the sentence he believes he should have received.

The Petitioner also filed a motion for appointment of counsel on the same date that he filed his second petition for writ of habeas corpus. On August 20, 2008, the State filed its motion to dismiss the petition for habeas corpus relief. By written order dated August 28, 2008, the habeas corpus court summarily dismissed the petition. On September 8, 2008, the Petitioner filed a timely notice of appeal.

**ANALYSIS**

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness given to the lower court's findings.

Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. §§ 29-21-101 to 29-21-130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

"[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment 'is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity.'" Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (citing State v. Ritchie, 20 S.W.3d 624, 630-31 (Tenn. 2000)); see also Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Ritchie, 20 S.W.3d at 633. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), perm. to appeal denied (Tenn. Nov. 28, 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In this appeal, the Petitioner argues that his judgment for aggravated robbery violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), since the trial court used "prior

convictions that had never been authenticated for number and type."  He also argues, alternatively, that the trial court sentenced him under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions.  Finally, he contends that the trial court erred in classifying him as a career offender.  In response, the State contends that the Petitioner's claims are inappropriate for habeas corpus relief.  It also argues that the Petitioner's sentence has not expired and the other  allegations do not make the Petitioner's judgment void.  Finally, the State contends that although the Petitioner claims that his prior convictions were not properly authenticated, the trial court's summary dismissal of the petition was proper because the Petitioner failed to attach copies of the relevant judgments to support his factual assertions.  See Summers, 212 S.W.3d at 261 (concluding that "[w]hen [pertinent] documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing").  We agree with the State.

The Petitioner's first argument is that the trial court illegally enhanced his sentences in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  He specifically contends that the trial court violated Blakely by using prior convictions that were not properly authenticated to enhance his sentence.  However, this argument does not entitle the Petitioner to habeas corpus relief.  The United States Supreme Court held in Blakely that other than a prior conviction, any fact used to enhance a sentence must be proven to a jury beyond a reasonable doubt.  Blakely, 542 U.S. at 301, 124 S. Ct. at 2536.  We initially note that Blakely is not violated when a trial court enhances a defendant's sentence based on his prior convictions.  See id.  Additionally, a trial court's facially valid judgment cannot be collaterally attacked in a petition for habeas corpus relief.  Archer, 851 S.W.2d at 162. Instead, a Petitioner must challenge a facially valid judgment on constitutional grounds in a petition for post-conviction relief.  Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996) (citing Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)), perm. to appeal denied (Tenn. April 7, 1997); see also Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).  Even if the Petitioner were able to prove his constitutional violations pursuant to Blakely, this would render his judgments voidable rather than void.  Evay Markel Kelley v. Cherry Lindamood, No. M2008-02738-CCA-R3-HC, 2009 WL 2870176, at *2 (Tenn. Crim. App., at Nashville, Sept. 4, 2009) ("We also note that the decisions of Blakely and Cunningham relate to constitutional violations which, even if proven true, would merely render the judgment voidable and not void.") (citing Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), perm. to appeal denied (Tenn. Apr. 7, 2008); Timothy R. Bowles v. State, No. M2006-01685-CCA- R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007); Donovan Davis v. State, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, at *1 (Tenn. Crim. App., at Nashville,

Aug.15, 2007), perm. to appeal denied (Tenn. Nov. 13, 2007)), perm. to appeal denied (Tenn. Nov. 16, 2009).

Moreover, this Court has repeatedly held that Blakely does not apply retroactively to cases on collateral appeal. See Timothy R. Bowles, 2007 WL 1266594, at *2-3; Billy Merle Meeks, 2007 WL 4116486, at *7; James R.W. Reynolds v. State, No. M2004-02254-CCA-R3-HC, 2005 WL 736715, at *2 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), perm. to appeal denied (Tenn. Oct. 10, 2005).

Second, the Petitioner alternatively argues that the trial court sentenced him under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions. Even assuming this allegation were true, this constitutional violation would again render his judgment merely voidable, not void. See Luther E. Fowler v. Howard Carlton, Warden, No. E2004-01346-CCA-R3-HC, 2005 WL 645206, at *6 (Tenn. Crim. App., at Knoxville, June 27, 2005) (holding that the petitioner should have filed a petition for post-conviction relief regarding his ex post facto claim and that "[a] petition for habeas corpus relief is not a default procedure when the other apt procedures are not utilized for the purpose of raising the constitutional issue").

Third, the Petitioner contends that the trial court erred in classifying him as a career offender. Even assuming this allegation were true, his erroneous classification as a career offender would once again render his judgment voidable, not void. See Edwards v. State, 269 S.W.3d 915, 924-25 (Tenn. 2008) (stating that errors in offender classification at most, render a judgment voidable rather than void and that "habeas corpus relief is not available to correct errors or irregularities in offender classification" because "relief for such non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief").

Finally, we note that the Petitioner's claims were previously determined by this court after the Petitioner appealed the denial of his first petition for habeas corpus relief. See Michael V. Morris, 2009 WL 690304, at *2-4. The Tennessee Supreme Court has held that pursuant to the law of the case doctrine an appellate court may not consider issues that have been previously determined on appeal:

[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); see also Creech v. Addington, 281 S.W.3d 363, 383 (Tenn. 2009). Here, the Petitioner filed his first petition for habeas corpus relief on March 13, 2008. See Michael V. Morris, 2009 WL 690304. In the first petition, as in this case, the Petitioner claimed that he was entitled to habeas corpus relief because his sentence violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); because, alternatively, the trial court sentenced him under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions; and because the trial court erred in classifying him as a career offender. Id. at *1. The habeas corpus court summarily dismissed the petition, and this court affirmed the judgment of the habeas corpus court. Id. In affirming the habeas court's summary dismissal, this court held that even if the Petitioner's claims regarding the Blakely violations were true, the judgments would be voidable, not void, and that Blakely does not apply retroactively to cases on collateral appeal. Id. at *3. This court also concluded that even if the trial court improperly sentenced him as a career offender, this would render his judgment voidable, not void. Id. at *2. Finally, this court concluded that even if the Petitioner was sentenced under the 2005 amended sentencing act without a waiver, which resulted in a violation of ex post facto prohibitions, this constitutional violation would render his judgment voidable, not void. Id. at *3. We conclude that this court has previously determined the issues in the instant case.

The Petitioner has not established that his judgment is void or his sentence has expired. Moreover, the Petitioner's claims have previously been determined on appeal. Accordingly, the habeas corpus court's summary dismissal of the petition for habeas corpus relief was proper.

## CONCLUSION

The habeas corpus court's summary dismissal of the petition for writ of habeas corpus is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE